UNITED STATES of America, Plaintiff–Appellee,

v.

John Leo CERIZO, Defendant–Appellant.

No. 12–10581.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 10, 2013.*

Filed Oct. 18, 2013.

Edric Ming–Kai Ching, William Lee Shipley, Jr., Esquire, USH–Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Daisy Lynn Hartsfield, Dubin Law Offices, Honolulu, HI, Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: KOZINSKI, Chief Judge, FISHER and WATFORD, Circuit Judges.

MEMORANDUM **

1. A district court may order restitution as part of supervised release, *see* 18 U.S.C. § 3563, and adjust a restitution payment schedule in light of changes in the "defendant's economic circumstances," 18 U.S.C. § 3664(k). The district court didn't abuse its discretion by requiring Cerizo to pay his underinsured motorist insurance award and unclaimed life insurance award towards restitution as a condition of his supervised release. See *United States v. Watson*, 582 F.3d 974, 981 (9th Cir.2009).

2. Cerizo's claim that the district court erred in denying him bail pending his supervised release hearing is moot. Even if it were not, Cerizo's long history of dishonesty and ties outside Hawaii and the United States provided an ample basis for denying his bail request. *See United States v. Garcia*, 340 F.3d 1013, 1015 (9th Cir. 2003).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).